IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LARRY KEPHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-00448-CV-W-FJG |
| | ) |
| FORD MOTOR COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Currently pending before this Court is defendant's Motion for Summary Judgment (Doc. No. 50).

**I.  BACKGROUND[1]**

On June 11, 2007, plaintiff Larry Kephart, a truck driver, was delivering a load of Ford F-150 frames to a loading dock at the Kansas City Assembly Plant owned by defendant Ford Motor Company ("Ford"). While making his delivery at the plant, Kephart fell in a hole located on a wheel guard. At the time of the accident, the wheel guard at the loading dock was in the process of being constructed, and the steel frame was exposed. Pl. Additional Statement of Uncontroverted Facts ¶ 1(Doc. No. 53). Neither "concrete nor a cap had yet been used to fill in the exposed steel support framing on the tire/wheel guard[.]" Pl. Additional Statement of Uncontroverted Facts ¶ 2. Because the top of the

---

[1]In accordance with Local Rule 56.1(a), "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." See Ruby v. Springfield R-12 Public School District, 76 F.3d 909, 911 n. 6 (8th Cir. 1996). Accordingly, all facts set forth in the Court's statement of facts will be taken from defendant's motion for summary judgment (Doc. No. 50) and its suggestions in support (Doc. No. 51) unless otherwise specified.

wheel guard was not capped or filled in with concrete, a hole formed at the top of the guard in between the steel frame, which was about a foot and a half deep.  The area where the wheel guard was located was known by defendant to be frequented by truck drivers and did not contain any warning signs or barricades around the wheel guard.  Kephart was standing on his truck when he put his right foot on the adjacent loading dock, and then placed his left foot on the wheel guard, which was approximately one foot to one and a half feet off the ground.  His left foot slipped on the wheel guard causing Kephart to fall and sustain severe injuries to his back.

Before and during his accident, Kephart had an unobstructed view to the wheel guard and noted its condition.  Kephart saw the wheel guard during his first delivery at which point he had placed his left foot on the wheel guard in order to fasten a strap on his truck, which he did without incident.  Pl. Additional Statement of Uncontroverted Facts ¶ 9. On his third delivery, Kephart again saw the condition of the wheel guard and maintained his eyes on the wheel guard as he placed his left foot on it.  However, as described above, this time Kephart's foot slipped on the wheel guard, and he fell down.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  The facts and inferences are viewed in the light most favorable to the nonmoving party.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986).  The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Matsushita,
2

475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

## III. DISCUSSION

Ford moves for summary judgment on the theory that the condition of the wheel guard was an "open and obvious danger," thus Kephart should not be able to recover for his injuries. To hold a possessor of land liable for injury to an invitee[2] on its land, plaintiff must show that the possessor did not meet the applicable standard of care. A possessor of land will be held liable to an invitee if the possessor

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Harris v. Niehaus, 857 S.W.2d 222, 225-226 (Mo. 1993) (quoting Restatement (Second)

---

[2] Both parties agree that plaintiff's status while on Ford's property was that of an invitee, and thus the Court analyzes this issue from that perspective.

of Torts, § 343 (1965)) (internal quotations omitted).  A plaintiff cannot establish the second element if the "dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger . . . unless the possessor should anticipate the harm despite such knowledge or obviousness." Id. at 226 (quoting Restatement (Second) of Torts, § 343A(1) (1965)) (internal quotations omitted).

In Harris, plaintiff parked her car on the top of a hill facing downward towards a lake.  The car started rolling down the hill and ended up submerged in the lake killing plaintiff's three children whom were trapped inside the car.  The Missouri Supreme Court held that the lake was an open and obvious condition because the lake was plainly visible from where plaintiff had parked her car, and the road obviously sloped towards the lake with no obstacles in sight.  Id.  In another case, plaintiff's high heel got stuck in a marble-sized hole located on the surface of a gas station, which caused her to fall and sustain injuries.  Privitera v. Coastal Mart, Inc., 908 S.W.2d 779, 780 (Mo. App. Ct. 1995).  The Privitera court distinguished Harris by stating that in that case the dangerous condition, the lake, was a natural condition while the marble-sized holes were artificial.  Id. at 781.  The court found that the marble-sized hole was not an open and obvious danger condition as a matter of law.  Id. The court further held that even if the marble-sized holes covering the gas station's surface were an open and obvious danger, the defendant could have reasonably anticipated the harm since the surface was "riddled" with many holes.  Id.

The Court finds that the condition of the wheel guard was open and obvious as a matter of law.  The issue of whether the wheel guard was open and obvious is a matter

4

of law decided by the Court.  See Privitera, 908 S.W.2d at 782.  Plaintiff acknowledges that he saw the wheel guard and noticed the condition of the wheel guard before stepping onto it.  In fact, he stated that his intent was to step on the wheel guard, and he maintained eye contact on the wheel guard while placing his foot there.  Contrary to the condition at issue in Privitera, the condition here was not small or hidden in the surface, but rather it was open and apparent to those in the area.  This is confirmed by plaintiff's testimony above.  The fact that plaintiff could recognize that the wheel guard was partially constructed and that a hole existed near where he intended to step further supports that this danger was open and obvious.

However, the inquiry does not end there.  If defendant should have anticipated that the plaintiff could suffer harm from the open and obvious danger despite plaintiff's exercise of due care, then defendant cannot succeed on this defense.  Hellman v. Droege's Super Market, Inc., 943 S.W.2d 655, 659 (Mo. Ct. App. 1997).  Determining whether defendant should have anticipated such harm is a question to be decided by a jury.  Id.  One reason the land owner may anticipate such harm is if it expects that an invitee will encounter an obvious danger if a reasonable individual would believe that the advantages of confronting the danger outweighs the risk.  Restatement (Second) of Torts, § 343A comment f.  A case should not be submitted to the jury if the risk of harm only exists because plaintiff failed to exercise due care.  Id. at 658.

In Hellman, the court held that sufficient facts supported a finding that a grocery store should have anticipated that its customer would slip on a patch of ice in the parking lot even if she exercised due care.  Specifically, the court found that the following facts supported this finding: a grocery store employee had assisted plaintiff to

5

her car due to the ice, plaintiff's parking options were limited, and no conclusive evidence demonstrated that there was any other way to walk to her car.

Here, there is evidence demonstrating that defendant knew the area where the injury occurred was frequented by truck drivers. Also, plaintiff testified that the method of fastening or unfastening the straps to his truck typically involved him using the wheel guard, and he further testified that he was not the only truck driver learned to fasten the straps in this way. Thus, this fact raises a reasonable inference that defendant could expect truck drivers to use the wheel guard when fastening straps on their truck, and anticipate that a driver would injure himself when fastening the straps. Furthermore, the fact that plaintiff was looking at the wheel guard while placing his foot on the guard supports a conclusion that he was using due care when stepping onto the guard. Therefore, there is a genuine issue as to whether defendant should have anticipated that the partially constructed wheel guard would cause plaintiff's harm while exercising due care.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's Motion for Summary Judgment (Doc. No. 50).

**IT IS SO ORDERED.**

Date: 08/14/09　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge