# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LARRY KEPHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-00448-CV-W-FJG |
| | ) |
| FORD MOTOR COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are (1) Plaintiff's Motion in Limine (Doc. No. 82); and (2) Plaintiff's Second Motion in Limine (Doc. No. 83).

**I.     BACKGROUND**

Plaintiff is a resident of Kansas City, Missouri, who alleges he was injured while making a delivery at the loading dock at the Kansas City Assembly Plant owned by defendant. Plaintiff alleges he injured his back and legs when he fell through a gap between the loading dock and tire guard that was approximately one and one-half feet (1.5) deep. At the time of the accident, the tire guard at the loading dock was under construction and the steel frame was exposed. No cap or cement had been used to fill gap. Plaintiff became aware of the condition of the tire guard from his first delivery to the plant. However, on the date of the accident plaintiff's left foot slipped on the tire guard as he fastened the tire straps to the guard and plaintiff fell.

The Court denied defendant's motion for summary judgment, but found (1) the condition of the wheel guard was open and obvious as a matter of law; and, (2) there is a genuine issue as to whether defendant should have anticipated that the partially

constructed wheel guard would cause plaintiff's harm while exercising due care.

## II. Plaintiff's Motion in Limine (Doc. No. 82)

Plaintiff moves for an order in limine precluding any party from introducing any testimony or evidence or making arguments concerning or in reference to the following items of evidence:

1. Prohibition of reference to various settlement negotiations or offers to settle made by either Plaintiff or Defendant.

    Defendant has no objection.

    **Ruling**: Sustained.

2. Prohibition of reference to any argument or evidence concerning any potential burden on defendant or references to limited assets or wealth or to increased cost to consumers.

    Defendant has no objection, provided the ruling is equally applicable to plaintiff and defendant.

    **Ruling**: Sustained. The ruling shall be equally applicable to plaintiff and defendant.

3. Prohibition of reference to plaintiff's attorney fees and whether plaintiff's attorneys have a contingency interest in a recovery.

    Defendant has no objection, provided the ruling is equally applicable to plaintiff and defendant.

    **Ruling**: Sustained. The ruling shall be equally applicable to plaintiff and defendant.

4. Prohibition of reference to any award to the plaintiff not being subject to taxes.

    Defendant has no objection.

    **Ruling**: Sustained.

5. Prohibition of reference to the date that plaintiff hired or consulted with counsel.

   Defendant has no objection.

**Ruling**: Sustained.

6. Prohibition of reference to plaintiff's decision not to call various treating health care providers at trial.

   Defendant opposes this paragraph. Such a ruling would be, "premature, not knowing which witness, if any, the parties will fail to call. Defendant contends that in each case, a determination should be made on the issue of "equal availability." Equal availability depends on several factors, three of which include: (1) one party's superior means of knowledge of the existence and identity of the witness; (2) the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case; and (3) the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other. Kelly v. Jackson, 798 S.W.2d 699, 701 (Mo. 1990). Once the preliminary ruling is made, if the witness is "equally available" pursuant to the test referred to above, then Defendant agrees that no negative inference should be argued.

**Ruling**: Provisionally denied. Plaintiff must declare which treating health care providers will not be called as witnesses.

7. Prohibition of reference to whether or not plaintiff's medical bills have been paid by any collateral source. Furthermore, any reference to insurance or any other form of payment should be redacted from plaintiff's medical bills and records.

   Defendant partially opposes this paragraph. "Defendant agrees the collateral source rule prohibits the jury from hearing about the payor of the medical expenses; however, defendant objects to the ruling as it is overbroad and would be contrary to R.S.Mo. § 490.715[.]"

**Ruling**: Provisionally sustained. Defendant must declare in advance of trial its position on this issue.

3

8. Prohibition of reference to any previous or subsequent injuries or health conditions other than those related to plaintiff's back, including his legs.

   Defendant has no objection, provided the ruling does not exclude related injuries or health conditions.

**Ruling**: Sustained, subject to specificity of related injuries.

9. Prohibition of reference to whether or not Mr. Kephart was paid "sick time," "vacation pay" or any other compensation for time missed from work due to the subject fall.

   Defendant has no objection.

**Ruling**: Sustained.

10. Prohibition of reference to Mr. Kephart's family relationships.

    Defendant objects to this paragraph, "to the extent that any of these persons are called to testify concerning plaintiff's injuries, recovery, rehabilitation and other damages. Examination of these witnesses on their relationship with Plaintiff may properly lay the foundation necessary to establish the point of reference for their personal knowledge and observations of plaintiff. Inquiry may also establish bias, interest, and lack of credibility."

**Ruling**: Sustained.

11. Prohibition of reference to whether plaintiff has received disability benefits from any collateral sources.

    Defendant has no objection.

**Ruling**: Sustained.

12. Plaintiff's municipal violations to be excluded pursuant to Mo. Rev. Stat. § 491.050.

    Defendant has no objection.

**Ruling**: Sustained.

13. Prohibition of reference to comparative fault of non-parties.

   Defendant agrees; however, by its response, defendant assumes the requested ruling does not encompass evidence of the circumstances of the accident, including the acts and omissions of others, to provide a true and complete picture for the jury.

   **Ruling**: Sustained, subject to defendant's contingencies.

14. Plaintiff's medical bills in the amount of $47, 809.18 should be admitted as reasonable and necessary.

   Defendant objects in part to this paragraph. "Defendant agrees that the charges made by health care providers for plaintiff's care total $47, 809, but objects to the admissibility of this amount until such time as a ruling is made as to the value of the services rendered pursuant to R.S.Mo. § 490.715."

   **Ruling**: Sustained.

15. Prohibition of reference to Mr. Kephart's smoking.

   Defendant has no objection.

   **Ruling**: Sustained.

16. Prohibition of reference to Mr. Kephart's physical therapy "non-compliance."

   Defendant has no objection.

   **Ruling**: Sustained.

### III. PLAINTIFF'S SECOND MOTION IN LIMINE (Doc. No. 83)

1. Any and all evidence, reference, insinuation, suggestions, or argument regarding personal or financially related generalities of injured litigants including but not limited to, secondary gain and compensation neurosis.

   Defendant has no objection, provided the ruling is equally applicable to both parties.

   **Ruling**: Sustained. The ruling shall be equally applicable to plaintiff and defendant.

5

2. Any statements by medical experts or other to the effect of, "people who are in litigation" versus "people not in litigation." The Court of Appeals found that the trial court abused its discretion in allowing such statements, in that they were irrelevant to whether the plaintiff still suffered from his injuries. See Yingling v. Harwig, 925 S.W.2d 952, 956 (Mo. Ct. App. 1996). Similarly, a statement by defense expert's testimony that he had "seen people who, have disposed of their lawsuits for personal injury, no longer felt the compelling need to see their physician," was found irrelevant to plaintiff's case. See Hughey v. Graham, 604 S.W.2d 626, 628 (Mo. Ct. App. 1980).

    Defendant has no objection, provided the ruling is equally applicable to both parties.

**Ruling**: Sustained. The ruling shall be equally applicable to plaintiff and defendant.

3. Any and all evidence, reference, insinuation, suggestion, or argument attempting on behalf of defendant to "apologize," or "atone" for defendant or defendant's agent's actions.

    Defendant has no objection, provided the ruling is equally applicable to both parties.

**Ruling**: Sustained. The ruling shall be equally applicable to plaintiff and defendant.

4. Any and all evidence, reference, insinuation, suggestion, or argument by defense counsel that in "his experience" defending and/or trying cases that they have a certain value or certain outcome.

    Defendant has no objection, provided the ruling is equally applicable to both parties.

**Ruling**: Sustained. The ruling shall be equally applicable to plaintiff and defendant.

5. Any and all evidence, reference, insinuation, suggestion, or argument by defense counsel that plaintiff's lawsuit or claims like those brought by plaintiff are improper, including but not limited to statements that such lawsuits or claims are "frivolous," "drive up rates," "affect us all," "waste time or resources," or any other statement that would reflect negatively to the jury that the plaintiff is not entitled to have his claim heard.

   Defendant has no objection, provided the ruling is equally applicable to both parties.

**Ruling**: Sustained.  The ruling shall be equally applicable to plaintiff and defendant.

6. Any and all evidence, reference, insinuation, suggestion, or argument by defense counsel that plaintiff's lawsuit and claim or claims like those brought by plaintiff are attempts to, "play the lottery," "gamble," or "take a chance," or any other statement that would reflect negatively to the jury that the plaintiff is not entitled to have his claim heard.

   Defendant has no objection, provided the ruling is equally applicable to both parties.

**Ruling**: Sustained.  The ruling shall be equally applicable to plaintiff and defendant.

7. Any and all evidence, reference, insinuation, argument, or suggestion in any manner Defense counsel's personal opinion regarding the justness of plaintiff's cause, the credibility of a witness, or the culpability of a civil litigant.

   Defendant has no objection, provided the ruling is equally applicable to both parties.

**Ruling**: Sustained.  The ruling shall be equally applicable to plaintiff and defendant.

**IT IS SO ORDERED.**

Date: 09/14/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge